UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| LISA WREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| MEDELA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Lisa Wren, ("plaintiff"), for her Complaint against Defendant Medela, LLC, ("Defendant"), states and alleges as follows:

### Parties

1. Plaintiff is a citizen of the United States and was at all relevant times a resident of Prairie Village, Kansas. At all relevant times, Plaintiff was an "eligible employee" as that term is defined under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2611(2).

2. Defendant Medela, LLC, is Delaware Limited Liability Company. At all relevant times Defendant was authorized to conduct business in the State of Kansas and was doing business as a medical device manufacturer and distributer in the State of Kansas.

3. Defendant at all relevant times employed 50 or more persons and was therefore an "employer" as that term is defined by the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2611(4).

4. Plaintiff was first hired by Defendant in Kansas in November 2016 as a sales consultant. During her employment with Defendant, Plaintiff worked throughout the state of

Kansas and was paid for her work in Kansas.  Plaintiff's base of operations for her work was her home in Prairie Village, Kansas.

5. As a sales consultant for Defendant, Plaintiff managed sales accounts for customers in Kansas, Nebraska, Iowa and Missouri.

6. Plaintiff was employed by Defendant as a sales consultant from November 27, 2006, until she was terminated on approximately November 18, 2019.

## Venue and Jurisdiction

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, 42 U.S.C. § 12117(a), and 42 U.S.C. § 2000e-5(f)(3), because a substantial portion of the events giving rise to Plaintiff's claim occurred in this judicial district, and because Plaintiff would have continued working in this judicial district but for Defendant's unlawful practices.

8. Jurisdiction in this Court is proper against Defendant pursuant to 28 U.S.C. §§ 1331 and 1343 because the acts complained of involve violations of Plaintiff's federally protected civil rights.

## Administrative Procedures

9. On or about February 6, 2020, plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendant on the basis of disability and retaliation (attached as Exhibit A and incorporated herein by reference).

10. On or about August 12, 2020, the EEOC issued to Plaintiff her Notice of Right to Sue (attached as Exhibit B and incorporated herein by reference), and this lawsuit was filed within 90 days of the EEOC's issuance of the Notice of Right to Sue.

11. The aforesaid charge of discrimination provided to EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the EEOC investigation which could reasonably be expected to have grown out of the charge of discrimination.

12. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## COUNT I

### Violation under the Family and Medical Leave Act of 1993

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Plaintiff worked for Defendant as a sales consultant. Plaintiff's job required travel and sales of medical devices related to breast feeding/pumping to various hospital system customers throughout Kansas and other parts of the Midwest.

15. Over the course of her employment with Defendant, Plaintiff sought treatment for alcohol addiction.

16. Defendant was aware of Plaintiff's prior alcohol abuse and treatment.

17. On Tuesday November 12, 2019, Plaintiff notified her employer that she needed FMLA benefits so she could enter rehabilitation and seek treatment for her alcohol use.

18. That same day Plaintiff entered in-patient care for rehabilitation.

19. Plaintiff was discharged from in-patient care on or about Sunday, November 17, 2019, and ordered to begin rigorous out-patient care and counseling.

20. On Thursday, November 21, 2019, while off work for treatment, Plaintiff received a letter at her home notifying her of her termination from her employment with Defendant.

21. Prior to November 21, 2019, Plaintiff was one of the top sales performers for Defendant and was on pace to out-perform her peers for sales and revenue.

22. Plaintiff was terminated because she made an FMLA request to her employer.

23. The Defendant's actions described above violated Plaintiff's federally protected civil rights under the FMLA.

24. At the time Defendant violated Plaintiff's federally protected civil rights under FMLA leave, Plaintiff had been employed by Defendant for at least 12 months and had performed at least 1,250 hours of service during those 12 months. Plaintiff was fully eligible for the leave at the time she requested it.

25. Plaintiff gave Defendant timely notice that Plaintiff would need to seek rehabilitative treatment for her alcohol use.

26. Defendant retaliated against and fired Plaintiff because she requested and attempted to take protected leave under the FMLA.

27. As a result of Defendant's illegal employment practices, Defendant deprived Plaintiff of income and fringe benefits, commissions, pension benefits as well as other monetary and non-monetary benefits of employment, and Plaintiff has been damaged.

28. Since her termination, Plaintiff has sought employment diligently but has yet to find new employment. As a result, Plaintiff sustained and is sustaining damage.

29. As a result of Defendant's illegal employment practices, Defendant deprived Plaintiff of health insurance benefits and as a result Plaintiff sustained damage.

30. The actions of Defendant, including its agents and/or employees, in terminating Plaintiff's employment and depriving her of her federally protected civil rights under the FMLA

constitute a willful violation of the FMLA and therefore entitle Plaintiff to recover liquidated damages.

31. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees and costs.

WHEREFORE, based on the foregoing, as to Count I, Plaintiff requests that the Court enter judgment in her favor and against Defendant Medela, LLC for such damages as are fair and reasonable, including her back pay and benefits, for liquidated damages, as allowed by statute, for her reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal, equitable and injunctive relief as the Court deems proper.

## COUNT II

### Violation of the Americans with Disabilities Act 42 U.S.C. § 12101 et seq.

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. Plaintiff is a diagnosed alcoholic who suffers a substantial limitation of one or more major life activities, and is therefore a disabled person within the meaning of the Americans with Disabilities Act.

34. Despite her disability, Plaintiff was qualified to perform all of her job functions for Defendant and was in fact excelling at her position in November 2019.

35. Based on Plaintiff's prior time away from work while employed by Defendant, Defendant perceived and knew that Plaintiff was an alcoholic.

36. As a result of Plaintiff's disability, Defendant terminated Plaintiff's employment on or about November 18, 2019.

37. Plaintiff's disability was a motivating factor in Defendant's decision to terminate Plaintiff.

38. As a direct and proximate result of Plaintiff's unlawful termination as set forth herein, Defendant deprived Plaintiff of income and fringe benefits, commissions, pension benefits as well as other monetary and non-monetary benefits of employment, and Plaintiff has been damaged.

39. Since her termination, Plaintiff has sought employment diligently but has yet to find new employment. As a result, Plaintiff sustained and is sustaining damage.

40. As a result of Defendant's illegal employment practices, Defendant deprived Plaintiff of health insurance benefits and as a result Plaintiff sustained damage.

41. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff has suffered humiliation, embarrassment, emotional distress and mental anguish, pain and suffering, and related compensatory damages.

42. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees and costs.

WHEREFORE, based on the foregoing, as to Count II and all of Plaintiff's Complaint, Plaintiff requests that the Court enter judgment in her favor and against Defendant Medela, LLC for such damages as are fair and reasonable, for her reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal, equitable and injunctive relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Pursuant to D.Kan. Rule 40.2(a), Plaintiff hereby requests a trial by jury on all counts and allegations of wrongful conduct alleged in this Complaint and further requests that trial be held in Kansas City, Kansas.

Respectfully submitted,

**KETCHMARK & McCREIGHT, P.C.**

By: */s/ Michael S. Ketchmark*
    Michael S. Ketchmark - #25254
    Scott A. McCreight - #14103
    Ben H. Fadler - #21943

11161 Overbrook Road, Suite 210
Leawood, KS 66211
Telephone:   913/266-4500
Facsimile:   913/317-5030
Email:   mike@ketchmclaw.com
Email:   smccreight@ketchmclaw.com
Email:   bfadler@ketchmclaw.com

**Attorneys for Plaintiff**